IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RODGER NEAL BYRD,

    Plaintiff,

v.                                                 Civil Action No. 5:11CV48
                                                               (STAMP)

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I. Procedural History

The plaintiff, Rodger Neal Byrd, protectively filed a claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Title II and Title XVI, respectively, of the Social Security Act. In his application, the plaintiff alleges disability beginning December 24, 2006. The Social Security Administration denied the plaintiff's application initially and on reconsideration. The plaintiff requested a hearing, and a hearing was held by video on January 22, 2010, before an administrative law judge ("ALJ").[1] An impartial vocational expert ("VE") also appeared and testified at the hearing. On January 29, 2010, the ALJ issued a decision finding that the plaintiff was not disabled within the meaning of the Social Security Act. The Appeals Council

---

[1] The plaintiff appeared in Parkersburg, West Virginia, and the ALJ presided over the hearing from Charleston, West Virginia.

denied the plaintiff's request for review, rendering the ALJ's decision final. The plaintiff then filed a complaint in this Court to obtain judicial review of the final decision of the defendant, Michael J. Astrue, Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g).

The case was referred to United States Magistrate Judge David J. Joel for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Both the plaintiff and the defendant filed motions for summary judgment. On August 1, 2011, the magistrate judge issued a report and recommendation recommending that the defendant's motion for summary judgment be granted, that the plaintiff's motion for summary judgment be denied, that the decision of the Commissioner be affirmed, and that this case be dismissed with prejudice. Upon submitting his report, Magistrate Judge Joel informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within fourteen days after being served with a copy of the report. The defendant filed timely objections.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those

portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 458 F. Supp. 825 (E.D. Cal. 1979). Because the defendant filed an objection to the magistrate judge's finding that the plaintiff does not meet Listing 12.05(c), this Court will undertake a de novo review as to that portion of the report and recommendation. This Court will review the other findings of the magistrate judge for clear error.

### III. Discussion

In his motion for summary judgment, the plaintiff alleges two errors: (1) the ALJ's decision to reject the opinion of the plaintiff's treating physician, Dr. Hande, is not supported by substantial evidence; and (2) the ALJ erred in finding that the plaintiff did not meet the requirements of Listing 12.05(c). The defendant counters these arguments in his motion for summary judgment, in which he argues: (1) Dr. Hande's opinions regarding the plaintiff's ability to work were inconsistent with other evidence in the record and not well-supported by his own examination; and (2) the ALJ properly found that the plaintiff did not meet his burden of demonstrating that he satisfied the criteria of Listing 12.05(c). The magistrate judge's report and recommendation addresses both of these contentions.

After reviewing the standard for disability and the five-step evaluation process for determining if a claimant is disabled, the magistrate judge sets forth the findings of the ALJ. See 42 U.S.C. § 423(d)(2)(A) (defining disability); 20 C.F.R. § 404.1520 (explaining the five-step sequential evaluation process). In reviewing the ALJ's determinations, the magistrate judge first concludes that substantial evidence supports the weight assigned to Dr. Hande's opinions. As the magistrate judge correctly stated, the ALJ does not need to specifically list and address each of the factors contained in 20 C.F.R. §§ 404.1527(d) and 416.927(d), so long as sufficient reasons are given for the weight assigned to the treating source opinion. See Pinson v. McMahon, No. 3:07-1056, 2009 WL 763553, at *10 (D.S.C. Mar. 19, 2009) (holding that the ALJ properly analyzed the treating source's opinion even though he did not list the five factors and specifically address each one); see also SSR 96-2p, 1996 WL 374188, at *5 (July 2, 1996) ("[T]he notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, support by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.").

The magistrate judge found that the ALJ properly refused to give Dr. Hande's opinion controlling weight because it is

4

inconsistent with other evidence in the record, including Dr. Hande's own medical records. Even though the plaintiff's January 7, 2010 medical assessment form, prepared by Dr. Hande, states that the plaintiff suffers from numerous disabling limitations, this assessment is contradicted by evidence from the record. (R. at 329-332.) The report and recommendation lists this contradicting evidence, which includes reports stating that the plaintiff had played tennis (R. at 261.), ambulated with a normal gait (R. at 220.), was comfortable in the supine and sitting positions (R. at 220.), had clear breathing sounds (R. at 221.), and had denied having problems in his extremities, joints, muscles, or tendons (R. at 324.). Significantly, in an opinion offered to the West Virginia Department of Health and Human Resources on April 29, 2008, Dr. Hande had found that the plaintiff would be able to perform full-time work if he could avoid dusty, smoking environments. (R. at 252.) Thus, Dr. Hande's own reports and records seem to contradict his January 7, 2010 assessment.

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not

5

prevent an administrative agency's findings from being supported by substantial evidence.'" Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1996) (quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

In his objections, the plaintiff does not contest the magistrate judge's conclusion that substantial evidence supports the weight assigned to Dr. Hande's opinions. Given the amount of inconsistent evidence in the record, this Court finds no clear error in the magistrate judge's finding that the ALJ was justified in assigning less weight to Dr. Hande's opinions.

Next, the magistrate judge addresses the plaintiff's assertion that the ALJ erred in determining that he did not meet Listing 12.05(c). On December 3, 2009, John Atkinson, Jr., M.A., a non-treating psychologist, conducted a one-time examination of the plaintiff upon referral by the plaintiff's attorney. Mr. Atkinson then submitted a test summary sheet indicating that the plaintiff suffers from mild mental retardation. According to Mr. Atkinson's findings, the plaintiff can read at grade level 4.8 and can do math at grade level 3.0. Mr. Atkinson's summary sheet did not include an explanation of the testing procedures or the results. The magistrate judge found Mr. Atkinson's one-time examination and sparse summary insufficient to establish that the plaintiff's IQ is between 60 and 70. The magistrate judge also points to evidence that contradicts the mental status report offered by the plaintiff.

Ultimately, the magistrate judge concludes that the plaintiff failed to carry his burden in establishing that he meets Listing 12.05(c).

In his objections, the plaintiff argues that the magistrate judge should not have relied upon certain evidence in determining that the plaintiff did not meet Listing 12.05(c). Specifically, the plaintiff argues that although he graduated from high school, objective testing showed that he reads at only a fourth grade level and completes math at a third grade level. The plaintiff highlights the fact that he graduated nearly last in his class. Further, the plaintiff challenges the magistrate judge's finding that because the plaintiff performed a semi-skilled job, he should not be considered mildly mentally retarded. According to the plaintiff, this semi-skilled job was in a meat department, and the most skilled task that he performed was to slice steaks, which was done with the assistance of others. The plaintiff argues that he has met his burden of establishing that he meets Listing 12.05(c), and any attempt to discredit his IQ score of 60-70 is inappropriate.

A claimant meets the required level of severity for disabling mental retardation by showing an "IQ of 60 to 69, inclusive . . . and a physical or other mental impairment imposing additional and significant work-related limitation of function." Rainey v. Heckler, 770 F.2d 408, 410 (4th Cir. 1985) (quoting 20 C.F.R. Pt.

404, Subpt. P, App. 1, § 12.05(c)). Where more than one IQ is derived from the administered IQ test, the lowest score is to be used in conjunction with Listing 12.05(c). Id. at 410-411. Because mental retardation is a lifelong condition, a claimant must show that the condition predates age 22. Luckey v. United States Dept. of Health and Human Services, 890 F.2d 666, 668 (4th Cir. 1989). Additionally, "the Secretary may not rely upon previous work history to prove non-disability where the section 12.05(c) criteria are met." Id. at 669.

An ALJ may commit error by rejecting IQ scores that support a finding of mental retardation. Rineholt v. Astrue, 617 F. Supp. 2d 733, 744 (E.D. Tenn. 2009). The Secretary must demonstrate substantial evidence in the record to support the rejection of an IQ score in the 60 to 70 range. Brown v. Sec'y of Health and Human Services, 948 F.2d 268, 270 (6th Cir. 1991). Further, an ALJ must "discuss the evidence in the record and explain [his] reasons for not finding a disability." Rineholt, 617 F. Supp. 2d at 744. While an ALJ is "not required to discuss every piece of evidence," he should discuss "the evidence supporting his decision" and "the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996).

In reviewing the record de novo, this Court finds that substantial evidence in the record supports the ALJ's finding that

the plaintiff failed to establish that he meets the requirements of Listing 12.05(c). Mr. Atkinson's test summary sheet states that the plaintiff's vocation potential is "unskilled very simple," but it provides little else in the way of an explanation of the plaintiff's intelligence level. (R. at 326.) There is no evidence of any IQ testing of the plaintiff before the age of 22. The record does show that the plaintiff graduated high school with no special education classes, attended a vocational center, worked in the meat department of a grocery store for six years, obtained a valid driver's license, pays bills, handles a checking and savings account, and can follow written instructions. (R. at 6-9; 20.) Although the plaintiff earned below average grades in high school, the ALJ notes that he was frequently absent from school. (R. at 20.) The plaintiff testified that he can read simple words, do simple math, and make change. (R. at 6-7; 35.) Also, Stephen D. Nutter, M.D., stated in his August 13, 2008 report that the plaintiff's intellectual functioning seems normal. (R. at 220.) Given this evidence, the ALJ rejected the diagnosis of mental retardation, but incorporated the plaintiff's 4.8-grade level reading and 3.0-grade level math scores into the residual functional capacity. Although the plaintiff may be of below average intelligence, as evidenced by the testing performed by Mr. Atkinson, this Court agrees that the plaintiff has not proven that he has significantly subaverage general intellectual functioning

9

with deficits in adaptive functioning initially manifested before age 22.  See Listing 12.05(c).

This Court has reviewed the record, as well as the parties' motions for summary judgment, and for the reasons set forth in the report and recommendation, concurs with the magistrate judge that the Commissioner's decision denying the plaintiff's application for DIB and SSI is supported by substantial evidence.  Accordingly, the magistrate judge's report and recommendation is affirmed and adopted.

## IV.  Conclusion

Based upon a de novo review, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety.  Thus, for the reasons stated above, the defendant's motion for summary judgment (ECF No. 14) is GRANTED, the plaintiff's motion for summary judgment (ECF No. 12) is DENIED, and the decision of the Commissioner is AFFIRMED.  It is further ORDERED that this case be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:      February 1, 2012

                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE